


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DEVIN ARIC MOORE,

Plaintiff,

v.

CHIEF MELISSA HYATT,

Defendant.

Civil Action No.: 23-cv-1052-LKG

Dated: May 11, 2023

## MEMORANDUM

Self-represented Plaintiff Devin Aric Moore filed the above-referenced civil rights Complaint on April 18, 2023, along with a Motion for Leave to Proceed in Forma Pauperis. The Motion will be granted, but, for the reasons that follow, the Complaint must be dismissed.

At the time of filing, Plaintiff was incarcerated at Baltimore County Detention Center awaiting trial in cases C-03-CR-22-000544 and C-03-CR-22-000572 in the Circuit Court for Baltimore County, Maryland for false imprisonment, kidnapping, impersonating a police officer, and second-degree assault. ECF No. 1 at 5; *see* https://casesearch.courts.state.md.us/casesearch/ (last visited May 11, 2023). Plaintiff's Complaint alleges that he was falsely arrested and imprisoned on these charges and seeks monetary damages. ECF No. 1 at 6. Shortly after filing the Complaint, on May 1, 2023, Plaintiff pleaded guilty to the charges pending against him. *See* C-03-CR-22-000544 and C-03-CR-22-000572, https://casesearch.courts.state.md.us/casesearch/.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this Complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Although self-represented plaintiffs are often provided an opportunity to amend a complaint if an amendment would correct a pleading defect, Plaintiff will not be provided such an opportunity in this case. Ordinarily, a complaint asserting constitutional violations in connection with an arrest and detention might be stayed pending resolution of the underlying

criminal case, *see Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). However, in light of Plaintiff's recent guilty plea in the relevant criminal proceedings, a challenge to his detention is not cognizable in a § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (42 U.S.C. § 1983 claims impugning the legality of criminal conviction not cognizable unless conviction is reversed); *see also Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of the judgment). Accordingly, the Complaint will be dismissed without prejudice.

A separate Order follows.

5-10-2023
Date

LYDIA KAY GRIGGSBY
United States District Judge